UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AARON BROWN,** | **CIVIL ACTION NO.:** |
| **Plaintiff,** | |
| | **COMPLAINT** |
| **v.** | |
| **PEPSI BEVERAGES COMPANY,** | |
| **Defendants.** | |

## <u>INTRODUCTION</u>

1.     This action is brought by Plaintiff, Aaron Brown ("Mr. Brown"), to secure redress for, Defendant Pepsi Beverages Company's ("Defendant" or "PepsiCo"), violation of his civil right to be free from employment discrimination because of his race, national origin and ethnicity.

2.     Mr. Brown is an African American employee who was employed in Defendants' warehouse and distribution facility located at 15 Melanie Lane, East Hanover, New Jersey 08936.  From the beginning of his employment as a Merchandiser until the termination of his, Mr. Brown was treated differently than similarly situated non-African American coworkers.

3.     Mr. Brown was disciplined for alleged violations of PepsiCo's rules for which non-African Americans escaped disciplinary action or when Mr. Brown's non-African American workers were disciplined, they were disciplined less than similarly situated their African American coworkers who engaged in the same alleged violations of PepsiCo's rules.

4.     Mr. Brown was ultimately terminated for allegedly engaging in conduct that similarly situated non-African American coworkers also engaged in or conduct that was more egregious, but were not terminated or otherwise disciplined for by Defendant.

5.     Moreover, the terms and conditions of Mr. Brown's employment, including his termination of employment in violation of Federal and state law, may have also unlawfully violated the nondiscrimination and other provisions of the collective bargaining agreement between PepsiCo and Mr. Brown's union, the International Brotherhood of Teamsters, Local 125.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter as Mr. Brown's claims pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 2000e, et seq.

7.     Defendant's conduct violates the New Jersey Law Against Discrimination N.J.S.A. 10:5-1-42 ("NJ LAD"). This Court has supplemental jurisdiction over Mr. Brown's related state law claims pursuant to 28 U.S.C. §1367(a) because his claims form part of the same case or controversy under Article III of the United States Constitution. Mr. Brown's state law claims share all common operative facts with his federal law claims, and the parties are identical.

8.     Resolving state and federal claims in a single action serves the interests of judicial economy, convenience and fairness to the parties.

9.     Title 28 U.S.C. Section 2201(a) gives this Court authority to declare the rights and other legal relations of Mr. Brown with respect to the events and controversies that are the subject of this action. Title 42 USC Sections 1988(b) and (c) give this Court authority to order

reimbursement to Mr. Brown of his reasonable attorneys' and expert witness fees, and 42 USC Section 1981a(b)(1) authorizes this Court to levy punitive damages against Defendant.

10.     The unlawful employment practices alleged in this complaint were committed in Morris County in the State of New Jersey.  Venue is proper in United States District Court, District of New Jersey pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. §1391 and 29 U.S.C. 216(b).

## PARTIES

11.     Mr. Brown is an African American male citizen of the United States of America and a resident of Essex County, New Jersey.   He was employed by Defendant in New Jersey for approximately nine (9) years from September of 2006 to his termination in December of 2015.

12.     Defendant Pepsi Beverages Company ("Defendant" or "PepsiCo") is a diversified global beverages company with locations throughout the United States, including New Jersey, and more than 150 countries.  PepsiCo is a corporation organized and existing under the laws of the United States of America, is qualified to business in New Jersey and does business in Morris County.   PepsiCo's revenue for 2016 was approximately $62.8 billion.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.     Mr. Brown has exhausted all remedies available to him under Title VII by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

14.     Mr. Brown has filed this action within ninety (90) days of his receipt of a right to sue notice from the EEOC.

## STATEMENT OF THE FACTS

15.     Mr. Brown began his employment with Defendant in September 2006 as a

Merchandiser.

16.     Mr. Brown's starting hourly pay rate was approximately $17.40 per hour and his hourly pay rate when terminated was approximately $20.25 per hour.

17.     Mr. Brown was employed as a Merchandiser during his entire period of employment by PepsiCo, despite many non-African American employees with less seniority and experience than Mr. Brown being promoted to higher level positions.

18.     Throughout his employment, although Mr. Brown performed well and was considered knowledgeable, productive and consistently reliable.

19.     PepsiCo's local management created and fostered a pervasive atmosphere of racial discrimination through its actions and words, by routinely passing over more senior African-American employees for promotion, belittling African-American employees, and excluding African-American employees from company functions and events.

20.     By letter dated December 29, 2015, Mr. Brown's employment with PepsiCo was terminated.  This letter indicated that Mr. Brown had been suspended pending investigation, however, Mr. Brown did not receive anything in writing from PepsiCo indicating that he was suspended or providing the factual basis for his suspension or the duration of his suspension.

21.     Mr. Brown was notified by phone on December 12, 2015 that he was being suspended, without any notification as to the basis of the suspension.  In fact, when Mr. Brown sought to file a grievance with respect to this phone notification of suspension, he was advised that he could not, as he was not "officially suspended."  Although Mr. Brown was not "officially suspended," he was not permitted to work and was therefore "de facto" suspended.

22.     Mr. Brown was purportedly terminated for falsifying records regarding his location at certain times during the day, an allegation he vehemently denies.

23.     In fact, Mr. Brown had previously raised to PepsiCo management that he was having problems with the application on his PepsiCo issued phone that tracked his location and allowed him to login when he reached certain locations.

24.     The problems experienced by Mr. Brown were also experienced by other PepsiCo employees, including Caucasian employees.  Other employees were also unable to property login to their locations due to malfunctions with their phone applications.  None of the other employees were ever disciplined or terminated.

25.     Mr. Brown had previously retained counsel to complain about discrimination, flagrant disregard for equal opportunity and disparate treatment by PepsiCo's local management.  PepsiCo management was made aware of these complaints.

26.     PepsiCo's termination of Mr. Brown was discriminatory and in retaliation for his prior complaints of discriminatory and disparate treatment.

## COUNT ONE

### (Racial Discrimination in Violation of Title VII)

27.     The foregoing paragraphs are realleged and incorporated by reference herein.

28.     Defendant's conduct as alleged herein constitutes discrimination based on race in violation of Title VII.  The stated reasons for Defendant's conduct were not the true reasons, but instead were a pretext to hide discriminatory animus.

29.     Defendant treated similarly situated employees that were not African American more favorably than Mr. Brown with respect to terms of conditions and/or benefits of employment.

30.     As a direct and proximate cause of Defendant's wrongful acts and omissions, Mr. Brown has been, is being and will be deprived of income in the form of wages and prospective

retirement benefits, and other benefits, promotion opportunities and job assignments due to him as an employee in the same manner as were made available to non-African American employees and denied because of his race in an amount to be proven at trial.

31.    Defendant acted intentionally, with hostility and/or with reckless indifference when they engaged in the above stated discriminatory practices against Mr. Brown, contrary to Mr. Brown's federally protected rights guaranteed to him under Title VII.

32.    The intentional and discriminatory conduct of Defendant complained herein was hostile, willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages which will serve as a deterrent to Defendant and others who would commit similar illegal acts.

33.    As Defendant engaged in discriminatory employment practices with malice or with reckless indifference to Mr. Brown's federally protected rights, Mr. Brown is entitled to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII.

## COUNT TWO

### (Retaliatory Discharge)

34.    The foregoing paragraphs are realleged and incorporated by reference herein.

35.    Defendant's termination of Mr. Brown was in retaliation for his prior complaints of discriminatory and disparate treatment of African-American employees by local PepsiCo management.

36.    As a direct and proximate cause of Defendant's wrongful acts and omissions, Mr. Brown has been, is being and will be deprived of income in the form of wages and prospective

retirement benefits, and other benefits, promotion opportunities and job assignments due to him as an employee, but denied because of his race in an amount to be proven at trial.

37.     Defendant acted intentionally and/or with reckless indifference when they engaged in the above stated retaliatory practices against Mr. Brown.

38.     The intentional and discriminatory conduct of Defendant complained herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages which will serve as relief for Mr. Brown and a deterrent to Defendant and others who would commit similar illegal acts.

39.     As Defendant engaged in retaliatory employment practices with malice or with reckless indifference to Mr. Brown's federally and state protected rights, Mr. Brown is entitled to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII and NJ LAD.

## COUNT THREE

### (Racial Discrimination in Violation of NJ LAD)

40.     The foregoing paragraphs are realleged and incorporated by reference herein.

41.     Defendant's conduct as alleged herein constitutes discrimination based on race in violation of NJ LAD.

42.     Defendant treated similarly situated employees that were not African American more favorably than Mr. Brown, with respect to terms of conditions and/or benefits of employment.

43.     As a direct and proximate cause of Defendant's wrongful acts and omissions, Mr. Brown has been, is being and will be deprived of income in the form of wages and prospective

retirement benefits, and other benefits, promotion opportunities and job assignments due to him as an employee, but denied because of his race in an amount to be proven at trial.

44.     The intentional and discriminatory conduct of Defendant complained herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages which will serve as a deterrent to Defendant and others who would commit similar illegal acts.

**WHEREFORE,** Plaintiff, Aaron Brown, prays for a judgment and damages against the Defendant PepsiCo as follows:

1.     That the Court Order Defendant to reinstate Mr. Brown's employment, with benefits at an hourly rate that Mr. Brown would have obtained in the absence of discrimination;

2.     That the Court award full back pay to Mr. Brown;

3.     That the Court award front pay to Mr. Brown, in the event he is not reinstated;

4.     That the Court award Mr. Brown compensatory damages for past and future economic losses, including humiliation, emotional distress, impairment of quality of life, mental anguish, consequential losses and other damages caused by Defendant's conduct;

5.     That the Court award Mr. Brown all employment benefits he would have enjoyed had he not been discriminated against;

6.     That the Court award Mr. Brown the costs and expenses of this actions along with reasonable attorneys' fees under applicable laws;

7.      That the Court award Mr. Brown interest on any awards at the highest rate

        allowed under applicable laws;

8.      That the Court grant Mr. Brown a jury trial; and

9.      That the Court grant Mr. Brown other relief that the Court deems just and proper.


Respectfully Submitted this 29th day of January 2018.

                                    **HERBERT LAW GROUP, LLC**

                                    By:    /s/John T. Herbert

                                            John T. Herbert, Esq.
                                            Herbert Law Group, LLC
                                            96 Engle St., Suite #1
                                            Englewood, NJ 07631
                                            Phone: (201) 490-4070
                                            Fax: (201) 490-4077
                                            jherbert@herbertlawllc.com
                                            Attorney No.: 002291975
                                            Attorneys for Plaintiff